Clarence SMITH, Jr., Who Sues by His
Mother and Next Friend, Myrtle
Smith, Appellant,

v.

Luther SMITH et al., Appellee.

Court of Appeals of Kentucky.

March 18, 1960.

V. R. Bentley, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellee.

MOREMEN, Judge.

Arvel Smith, about eighteen years of age, owned an automobile which was licensed in the name of his father, Luther Smith. Appellant, Clarence Smith, Jr., nineteen years of age, was a friend of Arvel Smith. Arvel Smith did not have an operator's license to drive a car and he requested Clarence to drive the automobile to Compton's Garage so that Arvel could pick up some repair parts for his car. Clarence drove to the garage. Arvel picked up the parts and while they were returning home a car operated by Anthony Smith and owned by "Bug" Charles, negligently collided with the car driven by Clarence Smith who was severely injured. He was treated by Dr. J. Hunter Smith.

Clarence Smith, by his next friend, Myrtle Smith, filed this action against Anthony Smith, "Bug" Charles, Luther Smith and Arvel Smith in which it was alleged: "The defendant, Anthony Smith, while driving a truck owned by his co-defendant, Bug Charles, negligently and carelessly ran into, upon and against the automobile in which the plaintiff was riding as a *guest* while traveling in the opposite direction, and collided with the same thereby injuring the plaintiff, Clarence Smith." No allegations of negligence were made against Arvel Smith or his father,

Luther Smith, but judgment was prayed against them in the sum of $10,000 jointly and severally with the other defendants.

The deposition of Clarence Smith was taken for discovery. He testified that he was driving the automobile belonging to Arvel Smith at the time the accident occurred and that Anthony Smith's negligence caused the accident. He stated that his manner of driving in no way contributed to the accident.

On a motion for summary judgment the court dismissed the complaint of Clarence Smith as against the defendants Luther Smith and Arvel Smith, but retained the case on the docket for further orders as against the remaining two defendants.

The novel contention that Arvel Smith is responsible for the injuries received by Clarence Smith under the doctrine of respondeat superior has been made.

The rule of respondeat superior embodies the theory that where one acts through the agency of another, in legal contemplation, he is himself acting and thus is responsible for acts of his agent. Therefore when an agent fails in any duty which he owes to a third party or the public generally, the principal is responsible for the failure.

By the express allegations in the petition and the testimony given by appellant, it is plain that appellant charges a third party with negligence and absolves himself from any wrongdoing so there is nothing to impute to the principal. The facts disclose that this was merely a joint venture to obtain automobile parts and appellant drove the car without consideration and as a favor to his friend. No relation of master and servant or principal and agent is disclosed.

Even in the event of an actual contract of employment, the employee's right of recovery against the master must be predicated either on the Workmen's Compensation Act or on some causative dereliction, such as failure to furnish a safe place to work.

Judgment affirmed.